Felicia P. MADISON, Plaintiff,

v.

BP OIL COMPANY, et al., Defendants.

Civ. No. 95–0350–AH–C.

United States District Court,
S.D. Alabama,
Southern Division.

May 30, 1996.

Ronnie L. Williams, Mobile, AL, for plaintiff.

Felicia P. Madison, Mobile, AL, pro se.

Kirk C. Shaw, Mobile, AL, Broox G. Holmes, Jr., Mobile, AL, for defendants.

## ORDER

HOWARD, District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no ob-

jections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), (Doc. 48), is **ADOPTED** as the opinion of this Court, excluding such portions of the Report and Recommendation addressing Defendant Jones' alternatively-filed motion for summary judgment (on which the Court makes no ruling). Accordingly, all claims asserted against Defendant Jones in the above-styled action are **DISMISSED WITHOUT PREJUDICE,** and Plaintiff's "Motion For Leave to Serve Summons and Process out of Time," (Doc. 28), is **DENIED.**

**DONE.**

### REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

This cause is before the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) on defendant Maxa Jones' motion to dismiss on grounds of insufficiency of service of process and failure to state a claim, Fed.R.Civ.P. 12(b)(5) & (6); in the alternative, the defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56. Upon consideration of the arguments of counsel at oral argument before the undersigned on January 31, 1996 and all pertinent materials contained in this file, the Magistrate Judge recommends that this cause of action be dismissed with respect to Maxa Jones or, alternatively, that summary judgment be entered in favor of defendant Jones.

### FINDINGS OF FACT

1. Felicia Madison was notified by letter dated February 23, 1995, that the Equal Opportunity Employment Commission had determined that the evidence obtained during the course of its investigation did not establish that the respondent, BP Oil Company, violated Title VII of the Civil Rights Act of 1964, as amended. (*See* Doc. 1, DETERMINATION) Madison was notified that she could pursue the matter further but only by filing suit "AGAINST THE RESPONDENT(S) NAMED IN THE CHARGE IN FEDERAL DISTRICT COURT WITHIN (90) DAYS" of receipt of the right-to-sue letter. (*Id.*)

2. Felicia Madison constructively filed a *pro se* complaint in this Court on May 4, 1995, and therein listed as defendants BP Oil Company and Maxis (sic) Jones and stated the address of both to be 2810 Government Boulevard, Mobile, Alabama 36606. (*See* Doc. 1) Plaintiff alleged therein that the defendants discriminated against her on account of her race in violation of Title VII of the Civil Rights Act of 1964. (*See id.*)

3. Madison attached to the complaint a motion to proceed without prepayment of fees and costs. (*See* Doc. 2) Plaintiff's *in forma pauperis* motion was denied by order dated May 17, 1995, and she was ordered to remit to the Clerk of the Court the $120.00 filing fee by June 19, 1995, or otherwise be subject to dismissal of her action. (Doc. 4) This order provided further elucidation of court procedures, as follows:

> Once the filing fee is paid, the Clerk is directed to provide the necessary waiver documents to Plaintiff so Plaintiff may send them to Defendant. The Clerk's Office can provide information regarding the waiver documents; however, the personnel of the Clerk's Office are not attorneys and cannot give legal advice.

> . . . . .

> It is Plaintiff's responsibility to monitor this action to make sure that a person whom Plaintiff wishes to be a Defendant has been served or has waived service.

(*Id.*)

4. Madison paid the $120.00 filing fee on June 1, 1995. (Docket Sheet) Plaintiff's payment of the filing fee constituted filing of the complaint for purposes of Fed.R.Civ.P. 4 and therefore, plaintiff had 120 days from June 1, 1995, or until September 29, 1995, to serve all defendants named in the complaint.

5. A request for waiver of service of summons as to defendant BP Oil Company was mailed to the plaintiff by the Clerk's Office on June 9, 1995. (Docket Sheet; *see also* Doc. 5)

6. Defendant BP Oil answered the complaint on August 17, 1995. (Doc. 6) In the answer BP Oil admits that plaintiff's manag-

er was Maxa Jones but denied that Jones discriminated against Madison. (*Id.,* ¶ 9)

7. Ronnie Williams, Esquire, filed a notice of appearance as counsel of record for the plaintiff on September 15, 1995. (Doc. 8) The certificate of service on the notice clearly establishes that Mr. Williams became plaintiff's counsel on or before September 13, 1995. (*See id.*)

8. The sole claim set forth by the plaintiff in the report of the parties' planning meeting, filed on October 13, 1995, is that BP Oil violated her rights "protected by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1964[.]" (Doc. 9, p. 5) The parties did agree in this document that plaintiff should have until November 17, 1995 to join additional parties and to submit any amendments to the pleadings. (*Id.,* p. 3) In accordance with this agreement, the undersigned's Rule 16(b) scheduling order of October 18, 1995 set a November 17, 1995 deadline for the plaintiff to file motions for leave to amend the pleadings and to join other parties. (Doc. 10)

9. Plaintiff filed a motion for leave to file an amended complaint on October 20, 1995. (Doc. 11) This motion was granted by the undersigned on October 25, 1995 (*id.; see also* Doc. 12) and the amended complaint, which had accompanied the motion, was filed by the Clerk's Office on October 25, 1995 (*see* Doc. 13). Count I of the amended complaint sets forth the same cause of action against defendant BP Oil as alleged in the *pro se* complaint, i.e., "unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991." (Doc. 13, p. 4) Count II of the amended complaint sets forth for the first time a cause of action against one of the defendants listed in the *pro se* complaint, Maxa Jones, and alleges that "Defendant Jones has engaged in racial discrimination against Plaintiff in violation of 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991." (*Id.*)

10. Maxa Jones was served with the amended complaint on November 4, 1995

(Doc. 21, Affidavit of Maxa Jones) at the following address: 2810 Government Boulevard, Mobile, Alabama 36606 (*see* Docs. 14 & 19).

11. Presently pending before this Court, in addition to Jones' motion to dismiss, or, in the alternative, motion for summary judgment, is the plaintiff's January 6, 1996 motion for leave to serve the original summons and *pro se* complaint on Jones " 'out of time.' " (Doc. 28)

## CONCLUSIONS OF LAW

■ 1. An individual has ninety days from receipt of an EEOC right-to-sue letter to bring a Title VII claim in federal court. 42 U.S.C. § 2000e–5(f)(1). This 90–day period is tolled, however, from the constructive filing of a complaint, accompanied by a motion for leave to proceed IFP, until the IFP motion is ruled upon and the plaintiff has complied with the dictates of the ruling or the time limit set forth in the ruling has expired. *See Jarrett v. US Sprint Communications Co.,* 22 F.3d 256, 259 & 260 (10th Cir.) (the ninety-day Title VII filing limitation is extended while the IFP petition pends), *cert. denied,* — U.S. ——, 115 S.Ct. 368, 130 L.Ed.2d 320 (1994); *cf. Rodgers ex rel. Jones v. Bowen,* 790 F.2d 1550, 1552 (11th Cir.1986) (in a social security disability case, the court held that "a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' . . . regardless of the untimely payment of the required filing fee"). Accordingly, plaintiff's complaint was constructively filed on May 4, 1995 and the 90–day statutory limitations period was tolled until June 1, 1995 when plaintiff paid the $120.00 filing fee.

■ 2. Rule 4(a) of the Federal Rules of Civil Procedure requires that a summons issue when a complaint is filed.[1] "A complaint is deemed filed upon payment of the filing fee." *Herrick v. Collins,* 914 F.2d 228, 230 (11th Cir.1990) (citation omitted); *see also Grissom v. Scott,* 934 F.2d 656, 657 (5th

---

1. This rule states: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint."

Cir.1991) (same).[2] Accordingly, even though the action is treated as commenced, for purposes of tolling the 90–day statute of limitations, when the complaint is submitted with an *in forma pauperis* petition, the complaint is deemed filed, that is, formally filed, upon payment of the filing fee. In this case therefore, the complaint is deemed filed, that is, formally filed, for purposes of Rule 4, on June 1, 1995, the date the filing fee was paid.

■ 3. Rule 4(m) of the Federal Rules of Civil Procedure states: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." [3] In this case, the complaint was required to be served upon Maxa Jones, since she was a named and identified defendant in the *pro se* complaint, within 120 days of June 1, 1995. Therefore, plaintiff had until September 29, 1995 to serve the *pro se* complaint upon Maxa Jones even though this complaint does not state a cause of action against Jones individually.[4] To date, plaintiff has not served Jones with the original complaint, although pending before the Court is a January 5, 1996 motion for leave to serve same out of time, and the amended complaint was not filed or served

upon Jones until well after September 29, 1995.[5]

■ 4. After expiration of the 120–day time limit, as here, Rule 4(m) affords the plaintiff two safety hatches to escape dismissal of the complaint and those are through a showing of "good cause" or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause. *Adams v. AlliedSignal General Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996); *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3rd Cir.1995); *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir.1995). *Contra Zachery v. Thigpen,* 895 F.Supp. 1472, 1474 (M.D.Ala. 1995) (a showing of good cause is the only safety hatch available to escape dismissal).

> [T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time for service. The fact that the word "shall" is used along with the disjunctive "or" in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.

---

2. "The fact that a complaint is not deemed filed for purposes of Rule 4 simply recognizes that the district court's preliminary examination for frivolousness, maliciousness, and indigency necessitates some delay before summons could issue and the case could proceed in the same manner as non-indigent litigation." *Smith–Bey v. Hospital Adm'r,* 841 F.2d 751, 757 n. 5 (7th Cir.1988).

3. "The imposition of a time limitation on service of process was apparently a result of the shift of responsibility for effecting service from the United States Marshals to plaintiffs." *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 658 n. 15 (D.Md.1986).

4. The sole cause of action set forth in the complaint is a claimed violation of Title VII.
"Individual capacity suits under Title VII are ... inappropriate. The relief granted under Title VII is against the *employer,* not individual

employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir. 1995), quoting *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991). Therefore, while plaintiff should have served the original complaint on Jones by September 29, 1995, it is clear that the complaint would have been dismissed with respect to Jones based on the holdings in *Cross* and *Busby.*

5. As aforesaid, the amended complaint was filed on October 25, 1995 and served upon Jones on November 4, 1995.

*Petrucelli*, 46 F.3d at 1305; *see also Adams, supra*, 74 F.3d at 887; Fed.R.Civ.P. 4(m) advisory committee's note (1993) ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

5. The Magistrate Judge agrees with the Third and Eight Circuits' interpretation of 4(m) and therefore, will first determine whether good cause exists for an extension of time. If good cause exists this Court must extend the time for service; however, if good cause is not found to exist the undersigned will then consider whether this Court, in its discretion, should dismiss the case without prejudice or extend time for service. *See Petrucelli*, 46 F.3d at 1305. This analysis in no way impacts any prior court decisions which articulate the standard for good cause. *See id.* at 1307, n. 11. "Rather, the change which exists in Rule 4(m) modifies the procedure employed by the district court after a determination as to good cause has been made." *Id.*

▬ 6. Good cause is due to be equated with the concept of "excusable neglect" outlined in Fed.R.Civ.P. 6(b)(2), "which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp., supra*, 71 F.3d at 1097; *see also Adams*, 74 F.3d at 887 ("A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules"); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) ("'[G]ood cause ... would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the parties seeking enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required'"); *Lowe v. Hart*, 157 F.R.D. 550, 553 (M.D.Fla.1994) (same as *Kersh* ). The un-

dersigned recognizes that "courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process," will satisfy this requirement. *Zachery, supra*, 895 F.Supp. at 1474 (citations omitted); *see also Quann, supra*, 112 F.R.D. at 659 (evasion of service in the face of plaintiff's attempts to effect service constitutes good cause). However, absence of prejudice alone can never constitute good cause to excuse late service, *MCI Telecommunications Corp.*, 71 F.3d at 1097; *Zachery*, 895 F.Supp. at 1474–1475 (citations omitted); *Quann*, 112 F.R.D. at 661, nor will inadvertent error, *Petrucelli*, 46 F.3d at 1307 (delay resulting from inadvertence of counsel need not be excused); *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir.1992) (inadvertent error is not good cause); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) (inadvertence or negligence does not establish good cause); *Quann, supra*, 112 F.R.D. at 659 (counsel's inadvertence is precisely the factor the rule is aimed at); *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476, 477 (N.D.Ill.1984) (inadvertence of counsel does not establish good cause), or ignorance or unfamiliarity with the rule governing service, *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir.1996) (ignorance may be an explanation but is not an excuse); *Hamilton*, 981 F.2d at 1065 (ignorance of governing rules is no excuse); *Kersh*, 851 F.2d at 1512 (a *pro se* plaintiff's ignorance of the law is no excuse); *Zachery*, 895 F.Supp. at 1476 n. 5 (an attorney's unfamiliarity with the federal rules does not warrant a finding of good cause); *Lowe*, 157 F.R.D. at 553 (a *pro se* plaintiff's ignorance of the law, that is, the fact that she is confused and uninformed regarding the rule governing service, is no excuse), excuse a litigant's failure to effect timely service.

▬ 7. Plaintiff contends that she could not possibly serve Jones given what she was provided by the clerk's office and further, she was ignorant of the rule that she was required to serve an employee of the primary defendant. As one court has well stated, the reasons advanced as good cause in this case are really no cause at all. *See Coleman, supra*, 100 F.R.D. at 477. Turning first to the second aspect of plaintiff's attempt at

establishing good cause, the undersigned need only reiterate that ignorance of the law, most specifically Rule 4, cannot excuse Madison's failure to effect timely service upon Jones. *See, e.g., Hamilton,* 981 F.2d at 1065; *Kersh,* 851 F.2d at 1512. In order to address the first aspect of plaintiff's good cause argument, that her failure to serve Jones lies at the door of the Clerk's Office, the undersigned delves further into the *Kersh* case. In *Kersh,* the *pro se* plaintiff "testified that he did not realize service was his responsibility, but thought that the clerk's office would 'handle it.'" 851 F.2d at 1512. The Fifth Circuit found this argument to be nothing more than an assertion of ignorance of Rule 4(j), (now Rule 4(m)), and rejected such an attempt at establishing good cause. *See id.* "'To hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the rule.'" *Id.,* quoting *Townsel v. County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987). Similarly, the Magistrate Judge is of the opinion that plaintiff's argument that she could not serve Jones based upon what she was provided by the clerk's office is nothing more than an assertion of ignorance of Rule 4(m) and therefore, cannot excuse Madison's failure to effect timely service upon Jones. Moreover, even if this Court was inclined to look more favorably upon this good cause argument of the plaintiff it would avail her of nothing because she was well represented by counsel some two and one-half weeks prior to the expiration of the service period yet counsel took no steps to either serve Jones or seek an extension of the time period for service prior to the expiration of the 120 days.

■ 8. The lack of good cause for the failure to serve Jones within 120 days of the· formal filing of the complaint makes it necessary for this Court to consider whether it should, in its discretion, dismiss the case without prejudice or extend the time for service. "The Advisory Committee note provides some guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause." *Petrucelli,* 46 F.3d at 1305. The Committee explains, for instance, that relief may be justified "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* at 1305–1306, quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993). However, "the running of the statute of limitations does not require the district court to extend time for service of process[,]" *id.* at 1306, and does not establish good cause,[6] as to read the rule and advisory note otherwise "would effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose." *Id.,* n. 7.

■ 9. With these principles in mind, the undersigned solely considers the running of the applicable statute of limitations as the two other factors identified by the Committee are clearly not implicated in this case.[7] There is no dispute that the two-year statute of limitations period of Ala.Code § 6–2–38(*l*) applies to § 1981 actions in Alabama. *See Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989). A § 1981 cause of action accrued on the date Madison was discharged, September 19, 1993, and expired two years later on September 19, 1995. As previously indicated, the original complaint did not state a § 1981 cause of action against Jones and the amended complaint which stated a § 1981 cause of action against Jones was not filed until October 25, 1995, over a month after the running of the statute of limitations. While the undersigned is not unmindful of the fact that plaintiff will lose her cause of action against Jones unless she is allowed to serve this defendant out of time with the

---

6. The Magistrate Judge is in agreement with the Third Circuit's stance that "a district court may not consider the fact that the statute of limitations has run until after it has conducted an examination of good cause." *Petrucelli,* 46 F.3d at 1306.

7. Assuming plaintiff's relation back argument to be correct, however, the running of the statute of limitations would be eliminated as a factor in determining whether this Court should exercise its discretion to extend time for service in the absence of a finding of good cause. The Court, therefore, would be left with no basis upon which to exercise its discretion to extend the time for service in the absence of a finding of good cause.

original complaint, the Court cannot ignore the prejudice to be felt by Jones for allowing out of time service of the original complaint. Moreover, Madison will not be without a remedy should the Court not exercise its discretion in this matter by allowing late service of process on Jones.[8] Finally, this Court cannot overlook the fact that plaintiff was represented by counsel at least six days prior to the running of the statute of limitations and some two and one-half weeks prior to the running of the 120–day service date. In consideration of the foregoing, therefore, it is the Magistrate Judge's recommendation that the Court dismiss plaintiff's case against Jones without prejudice rather than extending the time for service,[9] even assuming relation back of the amended complaint to the original complaint pursuant to Fed.R.Civ.P. 15(c). *See Hunt v. Department of the Air Force, a Division of the United States,* 29 F.3d 583, 588 (11th Cir.1994) (even where a plaintiff is permitted to amend the complaint and said amendment relates back to the original complaint, a cause can still be dismissed without prejudice for failure to complete service upon the defendant within 120 days of the filing of the complaint). Because it is too late to commence a new suit against Jones, however, this decision effectively disposes of any claim for relief plaintiff might have against Jones.

### CONCLUSION

The Magistrate Judge recommends that defendant Jones' motion to dismiss or, in the alternative, motion for summary judgment be granted and further, that plaintiff's motion for leave to serve summons and process out of time be denied.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 23rd day of April, 1996.

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in Local Rule 26(4)(b), which provides that:

> Any party may object to a magistrate judge's proposed findings, recommendations or report made under 28 U.S.C. § 636(b)(1)(B) within ten (10) days after being served with a copy thereof. **The appellant shall file with the Clerk, and** *serve on the magistrate judge* and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The judge may also receive further evidence, recall wit-

---

**8.** The plaintiff's claim against BP Oil, the "deep pocket" in this case, will not be affected by this Court's ruling on this motion.

**9.** Accordingly, plaintiff's motion for leave to serve summons and process out of time (Doc. 28) is due to be denied.

nesses or recommit the matter to the magistrate judge with instructions.

A Magistrate Judge's recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.

2. *Transcript (Applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.