Charles **LAU** and Alexander
Tate, Plaintiffs,

v.

Harold Henri **KLINGER**, Jr. and Tony
Randalle Smith, Defendants.

No. CV 498–102.

United States District Court,
S.D. Georgia,
Savannah Division.

April 26, 1999.

Richard D. Phillips, Phillips and Kitchings, Ludowici, GA, for plaintiffs.

David R. Smith, Margaret G. Culclasure, Brannen, Searcy & Smith, Savannah, GA, for Coastal Utilities, Inc., Gary Clanton Groover, defendants.

Terry A. Dillard, Dillard & Bower, Waycross, GA, for Tony Randalle Smith, defendant.

Harold Henri Klingler, Jr., Jesup, GA, defendant pro se.

J. Thomas Whelchel, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, for Atlanta Casualty Company, interested party.

## ORDER

NANGLE, District Judge.

Before the Court are plaintiffs' motion for reconsideration of this Court's Order of November 23, 1998, (Doc. 17), and alternative request that the Court dismiss this action without prejudice and determine that the defendants were in fact served.

(Doc. 23). In the November 23 Order, the Court dismissed defendants Coastal Utilities, Inc. (Coastal), Gary Clanton Groover, and John Does 1 and 2 in the above-captioned action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and denied as moot Coastal and Groover's motion to dismiss them from the action. Plaintiffs have also filed a separate motion asking that the Court add Coastal Utilities, Inc. and Gary Clanton Groover as party defendants in this action. (Doc. 26). The Court has revisited the issues raised in its earlier Order and has carefully considered the arguments presented in the moving papers of plaintiffs and defendants. For the reasons that follow, the Court grants plaintiffs' alternative motion to dismiss this action without prejudice.

## I. Factual and Procedural Background

This is a diversity action arising from a four vehicle accident which occurred on April 6, 1996 in Liberty County at 2:40 p.m. Plaintiffs state that defendant Groover, driving a truck owned by Coastal Utilities, Inc. and acting within the scope of his employment, failed to stop at the stop sign where Allen Clark Road dead ends into Highway 196. Defendant Klinger was traveling east in his 1983 Ford van on Highway 196, while plaintiffs were traveling west in a Toyota Celica, when the vehicles converged at the intersection. Without stopping, Groover entered Highway 196, hitting Klinger's vehicle and propelling it across the centerline into the other lane, hitting plaintiffs' vehicle head-on. Plaintiffs were subsequently rear-ended by defendant Smith, who was traveling west behind them. Defendants John Doe 1 and John Doe 2 are "any other entities or persons who may be liable to Plaintiff." Pl.'s Compl. at 3 (Doc. 1). Plaintiffs Tate and Lau filed separate complaints on April 3, 1998, three days before the running of the applicable statute of limitations. These cases were subsequently consolidated by this Court's Order of November 4, 1998 pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Doc. 13).

Plaintiffs sent a "Waiver of Service" form by certified mail to all defendants (excepting the Does). This form was delivered to Smith on May 14, 1998; Klinger on May 18, 1998; Groover on May 14, 1998; and Coastal on May 18, 1998. Defendant Klinger, acting pro se, and defendant Smith waived service and filed an answer. However, Coastal and Groover did not return the waiver of service forms and did not answer. On November 4, 1998, after a routine docket review, this Court ordered plaintiff to provide proof within ten days that remaining defendants (including the Does) were served on or before August 3, 1998, or else these defendants would be dismissed from the suit. On November 11, 1998, Groover and Coastal filed a motion with a brief in support to dismiss them from the suit asserting the defenses of the Georgia statute of limitations and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

On November 23, 1998, the Court dismissed Coastal, Groover, and Does 1 and 2 from the complaint due to plaintiff's failure to respond to the Court's prior Order. (Doc. 17). Plaintiffs separately filed untimely answers to the Court's November 4th Order on Friday, November 20 at 3:14 p.m., which "crossed" the Court's dismissal Order filed Monday, November 23 at 12:57 p.m. in the courthouse. (Docs. 16 and 18). The answer was six days past due. In plaintiffs' response, they showed that defendants Coastal and Groover were served on November 20, 1998 "by a lawful deputy of Liberty County, Georgia pursuant to 4(e)(1) of the F.R.C.P." Pl.'s Resp. Order of Nov. 4, 1998, at 2 (Doc. 16). Plaintiffs stated that the reason for the delay of service was that defendants Coastal and Groover "had a duty to waive service of summons under Rule 4(d)(2)" and that they failed to waive service "although an extended period of time was allowed," stating that "any delay was caused by the refusal of the Defendants to comply with

the duty to avoid unnecessary costs by waiving service as requested."

Plaintiffs subsequently filed the motion for reconsideration and motion to add parties asserting "error" and inadvertence on their part, and defendants' bad faith for not returning the waiver. In their motion for reconsideration plaintiffs stated that they "did not willfully disregard the Court's Order of November 4, 1998, but only became aware of said Order on November 19, 1998. . . . After being made aware of said Order, Plaintiffs had Defendants Coastal Utilities, Inc. and Gary Clanton Groover served the following day. . . ."

## II. Analysis

### A. Examination of Fed.R.Civ.P. 4(m) and the 120 day service period

It is undisputed that plaintiff did not serve the dismissed defendants within the 120 day service period allowed by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, when the 120 day service period has expired, Rule 4(m) affords two safety hatches to escape dismissal: a showing of good cause, or by convincing the court to use its discretion to extend time even when good cause is absent.[1] *Madison v. BP Oil Co.*, 928 F.Supp. 1132, 1135 (S.D.Ala.1996). When dismissal under Rule 4(m) is appro-

priate, the rule clearly states it is to be without prejudice. However, a 4(m) dismissal without prejudice may sometimes have the effect of a dismissal with prejudice when other time bars are interposed. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3rd Cir.1995) (noting the sometimes severe consequences of a 4(m) dismissal).

### 1. Good Cause

■ Although a showing of good cause may excuse a party's failure to serve defendants within the 120 day period, plaintiffs have failed to make such a showing. Plaintiffs assert that their inadvertence was occasioned by the fact that they sent multiple defendants waiver forms, and some responded while others did not. Pls.' Resp.Ct.'s Order (Docs. 16 and 18). Securing service on the four named defendants plus the elusive Does should not have inordinately taxed plaintiffs' abilities. Good cause has been likened to "excusable neglect," Fed.R.Civ.P. 6(b)(2), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Madison*, 928 F.Supp. at 1137. Simple inadvertence or mistake of counsel does not suffice. *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991). Even the absence of prejudice to a defendant, standing alone, does not constitute excusable neglect. *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3rd Cir.1995). The Court finds that plaintiffs' explanations of error and inadvertence fail to meet the standard of excusable neglect.

Although good cause may be shown by showing the bad faith of a defendant who attempts to evade service or conceals a defect in service, defendants Coastal and Groover did not show bad faith by failing

---

1. Dismissal was mandatory under former rule 4(j) if the party failed to show good cause, but the new amended rule broadened the discretion of district judges by liberalizing the requirements because a court may, in its discre-

tion, grant plaintiffs who fail to show good cause a time extension to properly effect service. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3rd Cir.1995).

to return the waiver of service. *See* Rule 4(m) advisory committee notes, 1993 Amendments (delineating examples of bad faith). Federal Rule of Civil Procedure 4(c)(2)(A) provides that a summons and complaint are to be served personally by a non-party adult unless one of the exceptions in subparagraph (B) or (C) applies. Subsection (C) is an exception allowing mail service by

mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph....

Fed.R.Civ.P. 4(c)(2)(C)(ii).

 Mail service is an option for defendants, it is not mandatory, nor is it a "duty," and plaintiffs cannot cast their burden of service onto the defendants by unfounded accusations of bad faith. *Mendez v. Elliot,* 45 F.3d 75, 78 (4th Cir.1995) (noting that plaintiff bears the burden of service). When a defendant chooses not to respond to mail service, the plaintiff must effect service by other lawful means. *Schnabel v. Wells,* 922 F.2d 726, 727 (11th Cir.1991). The costs to plaintiff of procuring service by other means can be cast on the defendant who refuses to return the acknowledgment form, Fed.R.Civ.P. 4(c)(2)(D), but this shifting of costs is decidedly fair when a defendant has opted for more expensive personal service over the cheaper mail alternative. A mere refusal to elect the mail alternative is not a showing of bad faith. *See Schnabel,* 922 F.2d at 727–28 (explaining congressional history of mail service and the plain meaning of the statute). Because defendants have not acted in bad faith, and plaintiffs

have otherwise failed to show excusable neglect, the Court finds plaintiffs have failed to show good cause under Rule 4(m).

### 2. Exercise of the Court's Discretion

Plaintiff's failure to make a showing of good cause for failing to serve defendants within the 120 day period is not necessarily fatal under the amended rule. *Ritts v. Dealers Alliance Credit Corp.,* 989 F.Supp. 1475, 1478 (N.D.Ga.1997) (extending service time absent a showing of good cause in a removal action). Because plaintiffs have failed to show good cause, the Court will consider other factors to determine whether it should affirm its original dismissal Order.

### B. The Georgia Statute of Limitations

The advisory committee notes on Rule 4(m) suggest relief may be justified "if the applicable statute of limitations would bar the refiled action...." Fed.R.Civ.P. 4(m) advisory committee note (1993). District courts have also held that the court must first determine the issue of good cause before proceeding to the issue of the statute of limitations. *Petrucelli,* 46 F.3d 1298, 1306 (3rd Cir.1995); *Madison v. BP Oil Co.,* 928 F.Supp. 1132, 1136 n. 6 (S.D.Ala.1996) (pointing out also the dangers of eviscerating Rule 4(m) and statutes of limitation and repose if the advisory note is construed too liberally).

Georgia imposes special limitations on litigants who serve process on defendants after the expiration of the statute of limitations. The Eleventh Circuit has expressly described the confines of the Georgia statute of limitations laws and their applicability in federal diversity cases in *Cambridge Mutual Fire Insurance Company v. City of Claxton,* 720 F.2d 1230, 1232–33 (11th Cir.1983). In diversity cases, a federal court applies the law of the forum in which it sits. In Georgia, as in the Federal Rules, a case is commenced by the filing of the complaint. However, the Georgia Supreme Court has held that "filing is still not the commencement of the suit unless

followed by service within a reasonable time, but that once service is perfected upon a defendant, it will relate back to the original date of the filing which will be considered the date of the commencement of the law suit." *Franek v. Ray*, 239 Ga. 282, 236 S.E.2d 629, 632 (1997); O.C.G.A. § 9–11–4(c) ("When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.").

■ Courts closely scrutinize the facts in applying the relation back doctrine when the statute of limitations runs before the defendants are served. Georgia law provides that when service is perfected after the statute of limitations has run and more than five days after the complaint is filed, the service will relate back to the date of filing only if the plaintiff "diligently attempted to perfect service." *Cambridge Mutual*, 720 F.2d at 1233; *Webb v. Murphy*, 142 Ga.App. 649, 236 S.E.2d 840, 841 (1977); *Bible v. Hughes*, 146 Ga.App. 769, 247 S.E.2d 584, 585 (1978); *Childs v. Catlin*, 134 Ga.App. 778, 216 S.E.2d 360, 361–63 (1975). Some courts have described the standard as "the greatest possible diligence." *Devoe v. Callis*, 212 Ga.App. 618, 442 S.E.2d 765, 765 (1994); *Walker v. Hoover*, 191 Ga.App. 859, 383 S.E.2d 208 (1989), 209; *Roberts v. Bienert*, 183 Ga. App. 751, 360 S.E.2d 25, 26 (1987).

■ The *Cambridge Mutual* court held that Georgia courts have interpreted the service of process statute as an integral part of the state statute of limitations, and as such, the *Erie* doctrine would apply. Under the *Erie* doctrine, a federal court sitting in diversity must apply the controlling substantive law of the state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Supreme Court has held that state statutes of limitations

are substantive laws and must be followed by federal courts in diversity actions. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *compare Robinette v. Johnston*, 637 F.Supp. 922 (M.D.Ga.1986) (applying the federal 120 day rule to the *federal question* claim, but invoking the Georgia 5 day rule for the appended state claims in the same action).

The question is whether mailing waiver forms more than a month after the running of the statute of limitations to in-state defendants and waiting for an ample passage of time for a reply constitutes diligence. It does not. *See Air Crash Disaster Near Brunswick, Georgia April 4, 1991*, 158 F.R.D. 693 (N.D.Ga.1994) (finding suit time barred when plaintiffs waited fifteen days after filing of suit and eight days after expiration of the statute of limitations, opted for mail service rather than personal service, and finally perfected service over seven months from the filing date). Plaintiffs Lau and Tate finally perfected service seven and a half months after their suit was filed.[2] Therefore, not only did plaintiffs miss the Georgia narrow gate, they additionally missed the broad door of the federal rules.

The Court notes that under Federal Rule of Civil Procedure 12(h)(1) "[a] defense of ... insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading...." Defendants Coastal and Groover, in their first responsive pleadings, separately filed motions to be dismissed from the case pursuant to Federal Rules of Civil Procedure 12(b)(5) (insufficiency of service of process), 4(m), and the running of the applicable statute of limitations. Defs.' Mots. Dismiss (Doc. 14 and 15). Defendants Coastal and Groover continued to assert these defenses when they answered the untimely served

2. Furthermore, the Court notes that once plaintiffs became aware of the Court's November 4, 1998 Order, plaintiffs accomplished service with amazing dispatch on the very next day, indicating that no unusual impediments barred prompt service.

complaint. Def.'s Answer, at 4–5 (Doc. 24). The Court finds that these defenses are properly asserted and are not waived. Accordingly, the Court finds that defendants may be dismissed due to plaintiffs' failure to diligently effect service after the expiration of the statute of limitations. *See Black v. Knight*, 231 Ga.App. 820, 499 S.E.2d 69, 70 (1998). As noted previously, dismissal on the grounds of 4(m) is given without prejudice, even when good cause is not shown. Dismissal on Rule 12(b)(5) grounds is similarly without prejudice. *See e.g., Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir.1992). "Without prejudice" does not necessarily mean without consequence, because in most states such dismissals would have the result of a dismissal with prejudice because the action would then be barred by the statute of limitations. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir.1996) (noting that dismissal without prejudice may prove to have severe consequences); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3rd Cir. 1995). In *Petrucelli*, the court cautioned federal litigants that the 120 day limit under Rule 4(m) should have the respect reserved for a time bomb. Georgia, however, has a unique loophole provided by its "renewal" statute, which somewhat defuses the bomb.

### C. Dismissal and Georgia's Six Month Renewal Statute

Plaintiffs assert that because they served each defendant prior to dismissal by the Court, O.C.G.A. § 9–2–61 allows refiling against these defendants within six months of dismissal. Mot. Add Parties, at 2 (Doc. 26). Plaintiffs have requested alternatively that the Court dismiss this action without prejudice and determine that

defendants were in fact served. Mot.Reconsid. at 2 (Doc. 23). This alternative request would also allow plaintiffs to utilize Georgia's refiling statute. O.C.G.A. § 9–2–61(a) states

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9–11–41.

■ Because the legislature intended this statute as "remedial," courts have liberally construed it to apply also in cases where the court rather than the plaintiff dismisses the case when the merits are not adjudicated, *Fowler v. Aetna Cas. & Sur. Co.*, 159 Ga.App. 190, 283 S.E.2d 69, 70 (1981), and also when only part of the "case" is dismissed against some, but not all defendants, *Ludi v. Van Metre*, 221 Ga.App. 479, 471 S.E.2d 913, 914 (1996) (holding limited on other grounds). Thus, despite Georgia's strict requirements for extreme diligence in effecting proper service of process after the expiration of the statute of limitations, the renewal statute allows plaintiffs almost unbridled leniency.[3]

■ *Allen v. Kahn*, 231 Ga.App. 438, 499 S.E.2d 164 (1998), is one of Georgia's more recent cases reviewing O.C.G.A. § 9–2–61. The *Allen* court illuminated *Hobbs v. Arthur*, 264 Ga. 359, 444 S.E.2d 322 (1994), overruling in part *Brooks v. Young*, 220 Ga.App. 47, 467 S.E.2d 230 (1996), and

---

3. The Court will not delve into the inordinately divergent legislative purposes underlying the five day rule and the renewal statute, but will leave this conundrum to the Georgia courts. The *Black* court commented with apparent exasperation, "the Supreme Court apparently concluded that if the first-filed suit is voluntarily dismissed after the statute of limi-
tations has expired, *no amount of delay in service of that first suit* after the expiration of the statute of limitations, and *no lack of due diligence of the plaintiff in serving his first suit,* will bar the suit from being 'renewed' under OCGA § 9–2–61(a) ...." *Black*, 499 S.E.2d at 71. (Emphasis added).

*Driver v. Nunnallee*, 226 Ga.App. 563, 487 S.E.2d 122 (1997), by stating that the Supreme Court of Georgia has specifically precluded consideration of reasonableness of service in the original action in the renewal action. "[D]iligence in a renewal action must be measured from the time of filing the renewed suit and . . . delay in service in a valid first action is not available as an affirmative defense in the renewal action." *Allen*, 499 S.E.2d at 167. However, before the renewal statute is available, the case must be dismissed before the trial court rules that the case should be voluntarily dismissed for lack of diligence in perfecting service. *Hobbs*, 444 S.E.2d at 323 ("A suit is [ ] void and incapable of renewal under O.C.G.A. § 9–2–61(a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." (citing *Granite State Ins. Co. v. Nord Bitumi U.S., Inc.*, 262 Ga. 502, 422 S.E.2d 191 (1992))); *Kahn*, 499 S.E.2d at 165. Dismissals without prejudice are voidable and not void, and hence are subject to the renewal statute. Actions dismissed with prejudice are void. *Black*, 231 Ga.App. 820, 499 S.E.2d 69, 70.

Defendants Coastal and Groover made their motion to dismiss only on the grounds of Rule 4(m) and 12(b)(5) and did not discuss the issue of prejudice in their motion or their brief. Had defendants made a motion for a 12(b)(6) motion based on the expiration of the statute of limitations, the Court could have dismissed them with prejudice. *See, e.g., Wilson v. Ortiz,* 232 Ga.App. 191, 501 S.E.2d 247, 251 (1998) (distinguishing 12(b)(5) motions from 12(b)(6) motions—similar parallels exist with the federal rules). However, both Rule 4(m) and 12(b)(5) motions are granted without prejudice. A 12(b)(6) option could perhaps be utilized by defendants were the Court to grant plaintiffs' motion to add parties.

The renewal statute can be more handily utilized in Georgia state courts because O.C.G.A. § 9–11–41(a) provides for voluntary dismissal "without order or permission of court . . . at any time before the plaintiff rests his case." [4] However, Federal Rule of Civil Procedure 41(a)(1) provides for a plaintiff to voluntarily dismiss a case without permission of the court only before the filing of an answer or a motion for summary judgment, or when all parties in the action stipulate in writing to dismissal. Rule 41(a)(2) provides the other avenue for a voluntary dismissal. It states: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). Because defendants have answered and have not stipulated to dismissal, plaintiffs' motion to dismiss must be considered a Rule 41(a)(2) motion requiring leave of the court and is subject to the court's discretion.

In exercising its discretion under Rule 4(m) and 41(a)(2), the Court also considers other factors. The Court finds that plaintiffs are guilty of laches because they have indulged in unreasonable delays without excuse. *See Hodges v. Libbey*, 224 Ga.

---

**4.** This has always been the case because the renewal statute at first was inapplicable to suits in federal court. *See Diversified Mortg. Investors v. Georgia–Carolina Indus. Park Venture*, 463 F.Supp. 538, 539 (N.D.Ga.1978) (holding that "court of this State" meant "courts created by the constitution and laws of this State"); *Blaustein v. Harrison*, 160 Ga.App. 256, 286 S.E.2d 758, 759 (1981) (holding that the renewal statute was inapplicable in suits where the original filing was in federal court and that this holding is not unconstitutional as it is based on Georgia

Supreme Court precedent). The rule was amended in 1985 to allow application in suits initiated in the federal courts, because some actions that were timely filed in federal court were being lost when federal claims were dismissed and the remaining state claims could not·be renewed because they were outside the applicable statute of limitations. *See, e.g., Montford v. Robins Fed. Credit Union*, 691 F.Supp. 347 (M.D.Ga.1988) and *Ingle v. Specialty Distrib. Co.*, 681 F.Supp. 1556 (N.D.Ga.1988) (giving a brief history of the statute).

509, 162 S.E.2d 716, 717 (1968) (delineating doctrine of laches). Besides failing to diligently pursue service and violating the 120 day service rule of 4(m), plaintiffs filed an untimely answer to the Court's show cause order of November 4, 1998. Plaintiffs offered no explanation in their first answer and obtusely used the passive voice in their motion to reconsider by stating that they served defendants the day after "being made aware of said Order." While this Court regrets plaintiffs' harm, the Supreme Court recognized in *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), that an innocent litigant can be held responsible for the conduct of his attorney. The Court also acknowledges the mental anguish experienced by defendants embroiled in legal disputes, and that one of the purposes of statutes of limitation is to allow people to pursue their lives without a perpetual cloud of litigation hovering over them. However, under Georgia's refiling statute the legislature has allowed a generous escape hatch for plaintiffs who fail to diligently serve process after filing suit on the eve of the expiration of the statute of limitations. This Court will thus dismiss this action so that plaintiffs may avail themselves of whatever remedies are available to them pursuant to Georgia law. The Court declines to make a finding that defendants have in fact been served as plaintiffs request. Under *Allen,* "[D]iligence in a renewal action must be measured from the time of filing the renewed suit and ... delay in service in a valid first action is not available as an affirmative defense in the renewal action." 499 S.E.2d at 167. Plaintiffs will thus have a second opportunity to perfect service—an opportunity which they should not treat lightly.

### III. Conclusion

Plaintiffs have failed to show good cause for their failure to serve defendants within the 120 day service period under Fed. R.Civ.P. 4(m). Furthermore, after examining all the attendant facts and circumstances, the Court does not find reason to exercise its discretion to extend the service period. Plaintiffs additionally failed to diligently serve defendants Coastal, Groover, and Does 1 and 2 after the expiration of the statute of limitations as required under Georgia law. The Court affirms its former order, but will grant plaintiffs' alternative motion to dismiss this action without prejudice because of statutory refiling opportunities accorded under O.C.G.A. § 9-2-61. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss this action without prejudice is granted.

**IT IS FURTHER ORDERED** that because of plaintiffs' actions in causing unnecessary delays and inconvenience to all defendants, the Court will order plaintiffs to show cause why it should not be ordered to pay reasonable attorney fees that have been incurred by defendants upon defendants' submission of a bill of costs.

**IT IS FURTHER ORDERED** that all other motions pending before the Court in this action are denied as moot.