## A90A1184. JONES v. CROPPS.
(398 SE2d 295)

BEASLEY, Judge.

Plaintiff Jones appeals from the dismissal of his case due to untimely service.

On January 10, 1985, plaintiff brought suit against defendant Cropps for personal injury damages resulting from an automobile collision which occurred on May 17, 1984. Defendant was personally served in East Point. On October 29, 1987, plaintiff voluntarily dismissed his complaint. In September or "thereafter," Cropps moved to North Carolina.

Jones obtained new counsel in February 1988 who wrote counsel for Cropps in March and received a letter from Dunn, a claims representative for defendant's insurance company. Dunn instructed defense counsel to make the case file available to plaintiff's attorney. Suit was refiled on April 26, 1988, but no personal service was obtained. On May 18 plaintiff moved for service by publication, which was granted and followed by publication on May 23, 31 and June 7 and 13.

Defendant answered on June 16, appearing specially and raising the defenses of insufficient process and service of process, lack of jurisdiction and expiration of the statute of limitation. Although plaintiff corresponded with defense counsel, he took no action to locate

defendant until 1989 when he hired a skip tracer service to investigate her whereabouts. The service was unsuccessful, and plaintiff filed interrogatories in April to ascertain her residence. This was almost four months after the six-month period for discovery permitted by USCR 5. Plaintiff never requested an extension or reopening of that time.

Defendant declined to answer the interrogatories because they were late and sought a ruling on the issue of lack of timely service. Service was finally obtained on defendant under the Long-Arm Statute; OCGA § 9-10-94, on November 1, 1989. The trial court dismissed the complaint due to plaintiff's failure to properly serve defendant within the time prescribed by law.

1. The first issue is whether plaintiff obtained service on defendant by publication in the spring of 1988. *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973), held: "Our statutes pertaining to torts [Code Title 105] contain no provision for service by publication in any action for personal judgment for a tort against any person, resident or nonresident." Accord *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50 (268 SE2d 632) (1980). Compare *Marbury v. Marbury*, 256 Ga. 651, 653 (2) (352 SE2d 564) (1987); *Lee v. Pace*, 252 Ga. 546 (315 SE2d 417) (1984). Because this was a tort action seeking an *in personam* judgment against defendant, the attempted service by publication was ineffective.

2. The next problem is the timeliness of the service in November 1989. The action was refiled a few days before the expiration of the six months permitted for renewal of a case after dismissal. OCGA § 9-2-61. Because an action under the Code section is de novo, the "procedural prerequisites such as filing of a new complaint and perfection of service must be met anew." *Bell v. Figueredo*, 190 Ga. App. 163, 164 (1) (378 SE2d 475) (1989). *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987). In such circumstances, as in the normal statute of limitation situation, where the suit is filed before but service is beyond the expiration period then service is sustainable only if plaintiff acted in a reasonable and diligent manner in attempting to insure that proper service was made as quickly as possible. *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975).

Plaintiff acted reasonably in his initial attempts to obtain service but after defendant answered specially and asserted the defenses of lack of service and jurisdiction plaintiff took no action to discover where defendant actually resided until after the time for permissible discovery under USCR 5. This was a clear failure to exercise due diligence and constituted laches on plaintiff's part. This authorized the trial court to dismiss the complaint for untimely service. *Freemon* v. *Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Adams*, supra.

The trial court did not explicitly base its decision upon the failure of plaintiff to act in a reasonable and diligent manner, but unlike

*Childs*, supra, the court did not expressly show that it was not considering those essential factors. This case need not be remanded. It is affirmed on the principle that in the absence of a contrary showing, the trial court will be presumed to have followed the law. *Cox v. City of Lawrenceville*, 168 Ga. App. 119 (1) (308 SE2d 224) (1983); *Torok v. Mize*, 164 Ga. App. 357 (1) (296 SE2d 738) (1982).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1990.

*Kenneth J. Rajotte*, for appellant.
*William D. Temple, Jeffrey P. Raasch*, for appellee.