## A91A1922. COLLIER v. MARSH et al.
(416 SE2d 849)

CARLEY, Presiding Judge.

Appellant-plaintiff James Collier was injured in an automobile collision on March 4, 1987. On March 2, 1989, he filed suit against "John Doe" and, in their capacities as uninsured motorist carriers, appellee-defendants State Farm Mutual Automobile Insurance Company and American Casualty Company (Insurers) were timely served pursuant to OCGA § 33-7-11 (d). On November 7, 1989, the complaint was voluntarily dismissed and, on February 27, 1990, it was refiled pursuant to the renewal provisions of OCGA § 9-2-61 (a). The refiled "John Doe" complaint was served on the Insurers on March 22, 1990. Through subsequent amendments to the refiled complaint, appellee-defendant Sandra Marsh was substituted for "John Doe." Thereafter, the Insurers moved to dismiss and the instant appeal is taken from the order of the trial court granting those motions.

1. The trial court found that suit had not been brought against appellee Marsh within the applicable statute of limitation. However, the suit was timely renewed as against "John Doe" and, based on the allegations of the subsequent amendments to the renewal complaint whereby appellee Marsh was substituted for "John Doe," those amendments related back pursuant to OCGA § 9-11-15 (c). Compare *Bailey v. Kemper Group*, 182 Ga. App. 604, 607 (356 SE2d 695) (1987). The Insurers did *not* move for summary judgment and sup-

port such motion with evidence to pierce the allegations of the amendments to the renewal complaint. Instead, the Insurers merely moved for dismissal of the renewal complaint. Because the renewal complaint, as amended and as unpierced, shows on its face that the statute of limitations has *not* run as against appellee Marsh, the trial court erred in granting the motions to dismiss on this ground. Compare *Cooper v. Commercial Union Ins. Co.*, 192 Ga. App. 815 (386 SE2d 551) (1989).

2. The trial court also granted the motions to dismiss on the ground that the renewal complaint had not been timely served on the Insurers.

The renewal complaint was not served on the Insurers within five days of its filing, but it *was* served well within the six-month renewal period authorized by OCGA § 9-2-61. Compare *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991); *Jones v. Cropps*, 197 Ga. App. 313, 314 (2) (398 SE2d 295) (1990). It is only " ' "[w]here an action is filed within the applicable limitation period but is not served upon the defendant *within five days thereafter or within the limitation period* [that] the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible. . . ." [Cit.]' [Cit.]" (Emphasis supplied.) *Bennett v. Matt Gay Chevrolet Oldsmobile*, supra at 349 (1).

Accordingly, the trial court erred in granting the motions to dismiss on this ground. "Because an action under [OCGA § 9-2-61] is de novo, the 'procedural prerequisites such as filing of a new complaint and perfection of service must be met anew.' [Cits.] In such circumstances, as in the normal statute of limitation[s] situation, where the suit is filed before but service is beyond the expiration period then service is sustainable only if plaintiff acted in a reasonable and diligent manner in attempting to insure that proper service was made as quickly as possible. [Cit.]" *Jones v. Cropps*, supra at 314 (2). Conversely, as in the normal statute of limitations situation, where the renewal action *is* filed and service *is* perfected *within* the six-month renewal period, then service is valid without regard to whether it was effected as quickly as possible.

*Judgment reversed. Beasley and Johnson, JJ., concur.*

DECIDED MARCH 11, 1992.

*Leonard M. Grinstead, Rene D. Kemp*, for appellant.
*Zorn & Caldwell, William A. Zorn, Fendig, McLemore, Taylor & Whitworth, Philip R. Taylor, Charles G. Spalding*, for appellees.