A93A0549. HOBBS v. ARTHUR.
(434 SE2d 748)

BEASLEY, Presiding Judge.

On November 8, 1988, Hobbs and Arthur were involved in an automobile collision. On November 6, 1990, Hobbs sued "Arthur Douglas Ficklen" for negligence. Plaintiff Hobbs did not perfect service on defendant until January 5, 1991. Defendant Arthur moved to dismiss the complaint, but before any ruling was made on the motion, plaintiff voluntarily dismissed his suit.

Within six months plaintiff filed a renewal action. This time he properly named "Douglas F. Arthur" as defendant. Defendant answered and moved for summary judgment. The court granted the motion on the bases that (1) the renewal action was brought improperly inasmuch as "defendant was not sued under his proper name in the original action" and (2) the renewal action was time barred. Appellant challenges both bases.

1. As to the first basis, the principles collected and applied in *Motorcycle Stuff v. Bryant*, 182 Ga. App. 554 (356 SE2d 521) (1987),

reject it. That is to say, the original action was merely voidable because it was in fact against the same defendant, who is a legal entity but merely misnamed. Misnomer is amendable; the original action had not been voided.

Thus the court erred in granting summary judgment on the ground that defendant was not a defendant in the first suit so that the renewal statute did not apply. It did, the misnomer notwithstanding.

Despite this error, we must decide if the independent second reason was erroneous, because a summary judgment which is right for any reason will be affirmed. *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (3) (405 SE2d 61) (1991). So the issue is whether the independent second reason for summary judgment was valid.

2. As to the second basis, again the original suit was merely voidable and had not been dismissed by the court for expiration of the statute of limitation due to laches in service, preserving plaintiff's right to renew under OCGA § 9-2-61. *Fine v. Higgins Foundry &c. Co.*, 201 Ga. App. 275, 276 (1) (a) (410 SE2d 821) (1991) (physical precedent only). But that does not end the inquiry.

The trial court ruled that defendant was entitled to summary judgment because "plaintiff's claim is barred by the two-year statute of limitations for personal injury."

The two-year statute of limitation had indeed run, on the face of it. The collision occurred on November 8, 1988, and the renewal suit was filed on October 22, 1991. However, it stood "on the same footing, as to limitation, with the original case." Ga. L. 1985, p. 1446, referring to OCGA § 9-2-61 (a). In the original case, service was perfected on defendant, albeit beyond the five days prescribed by OCGA § 9-11-4 (c) and after the statute of limitation had run, so it was voidable unless due diligence was shown. *Smith v. Griggs*, 164 Ga. App. 15, 17 (2) (296 SE2d 87) (1982), and cases cited therein. "The plaintiff has the burden of showing lack of fault." *Smith*, supra at 18.

Whether there is due diligence is a matter for the trial court to determine in its discretion, upon a consideration of the facts gleaned from the evidence presented. *Bible v. Hughes*, 146 Ga. App. 769, 770 (247 SE2d 584) (1978).

The evidence in this case was conflicting. Defendant's affidavit states and shows, for example, that his name on the accident report was correct (except the officer wrote "Douglas Fickler Arthur" instead of "Douglas Ficklen Arthur"), his driver's license number was correct on the report and was issued in his correct name, and the name of his employer and his work telephone number on the report were correct and did not change before January 5, 1991, when he was finally served by plaintiff's investigator.

On the other hand, the investigator's affidavit states that defendant's driver's license, produced to him at the time he served defendant on January 5, 1991, bore the name "Arthur Douglas Ficklen"; that defendant said "[t]here is no more Arthur Douglas Ficklen"; and that he said his attorney advised him not to accept any papers sought to be served on him.

The trial court apparently resolved the conflicts in favor of the defendant, who did not bear the burden of proof, although it made no express finding on the issue of diligence. "[I]n the absence of a contrary showing, the trial court will be presumed to have followed the law. [Cits.]" *Jones v. Cropps*, 197 Ga. App. 313, 315 (398 SE2d 295) (1990). Plaintiff not having shown that he exercised due diligence as a matter of law, we are bound by such a finding. It leads ineluctably to the conclusion that the statute of limitation was not tolled and, as the trial court ruled, it barred the renewal action.

We do not agree with the view taken in Division (1) (b) of the non-precedential *Fine* case, supra at 277 (1) (b), that promptness of service in the renewed action is measured only from the institution of the renewed suit. That allows the dilatory plaintiff to escape his or her lack of diligence in timely perfecting service and compels the defendant to face a claim which would be stale but for the narrow grace of the renewal statute.

Nor do we construe the renewal statute as being intended by the legislature to allow a party guilty of laches to avoid the consequences by simply dismissing the suit and refiling it whenever a defendant raises the issue. Such would obliterate the requirement of due diligence and would allow lawsuits to be filed just within the statute of limitation and then suffer inexcusable delay in notifying defendant by timely service, without adverse consequences to the guilty party.

The Constitution requires that the rules of the court "provide for the speedy, efficient, and inexpensive resolution of disputes." 1983 Ga. Const., Art. VI, Sec. IX, Par. I. That mandate is not limited to court rules, however. The legislature has expressly directed that the Civil Practice Act "shall be construed to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1. No less can be said of the renewal statute. To construe it otherwise, so as to accommodate the elongation of disputes such as this 1988 automobile collision case which defendant was served with in this suit on October 28, 1991, is contrary to the expressed goals as well as sound administration.

The diligence in serving a defendant with notice of the lawsuit must be measured from the time the statute would otherwise have run, because up to that time, no diligence need be shown. But beyond that time, good reason must appear for tolling the statute. This is in keeping with the principle that " '[w]here the statute of limitation ac-

crues between the date of filing and the date of service, whether or not it relates back . . . , depends on the length of time and the diligence used by the plaintiff.' " *Scoggins v. State Farm &c. Ins. Co.,* 156 Ga. App. 408, 410 (274 SE2d 775) (1980).

In this case, plaintiff is asking, first, that it be tolled from the date the original action was filed (November 6, 1990) because service in that suit, which was beyond the statute of limitation but was not *ruled* dilatory in that suit, was perfected and related back to the filing within the statute of limitation. Plaintiff is asking, second, that the timely renewed action further toll the statute because, from the date of *its* filing to service only a short period elapsed. But that ignores the long period of no service at the ordinary expiration of the time limitation. The defense of laches rightly challenges the diligence of plaintiff from the time he became obligated to exercise it, i.e., November 8, 1990.

In *Wells v. Faust,* 206 Ga. App. 818 (426 SE2d 655) (1992), we correctly ruled that the trial court erred in granting summary judgment on the ground that the original suit was not a valid suit. We did not decide whether service in the renewed suit was affected by laches. That remained to be considered by the trial court on remand. We did not state what period of time was to be examined. Instead, we cited *Collier v. Marsh,* 203 Ga. App. 322, 323 (2) (416 SE2d 849) (1992), and *Jones v. Cropps,* supra at 314 (2), which measured diligence only within the six-month renewal period. But they, in effect, create an additional and consecutive statute of limitation which ignores the two-year statutory limitation on personal injury claims and the failure to perfect service diligently within a reasonable time after its expiration. They, and any other cases which follow this rule, are overruled to that extent.

3. Appellant claims that the statute of limitation was tolled by his mental incapacity. His authority is OCGA §§ 9-3-90 and 9-3-91.

This was not raised until August 6, 1992, when by amendment to the complaint appellant alleged: "With the exception of brief lucid intervals, from November 8, 1988, through the present time, Plaintiff has been so mentally and physically incompetent as to render him incapacitated to manage his personal affairs." The amendment was filed one day before the hearing on the motion for summary judgment.

The suit had been pending since October 22, 1991, and the original action was filed nearly a year earlier than that, on October 6, 1990. Such incapacity, which allegedly existed since the date of the collision in 1988, was not mentioned in all of the activity in this litigation until the eleventh hour. Whatever incapacity plaintiff suffered, it did not prevent him from filing his lawsuit within the period of limitation or refiling it within the time for renewal.

The trial court did not mention the allegation in the summary judgment order and may well have regarded it as frivolous or abandoned. The record does not show that it was pursued at oral argument, there being no transcript of the same.

First, OCGA § 9-3-91 is not relevant because plaintiff claims incapacity from the date the cause of action accrued, not disability *after* that time, which latter eventuality is addressed by that statute. Only OCGA § 9-3-90 ostensibly applies.

The unmet allegation does not save plaintiff from adverse summary judgment. Any such incapacity did not affect the service of process, as is abundantly evident from the affidavits of plaintiff's counsel regarding efforts to serve defendant. Plaintiff's problematic delay was not in filing the complaint, which OCGA § 9-3-90 addresses, but rather in serving defendant. Compare *Chapman v. Burks*, 183 Ga. App. 103 (357 SE2d 832) (1987).

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Cooper, Andrews, Blackburn and Smith, JJ., concur. Johnson, J., not participating.*

DECIDED JULY 14, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

*Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellant.

*Goodman, McGuffey, Aust & Lindsey, Constance C. Russell, Leigh M. Wilco*, for appellee.