## A93A1400. DEPENDABLE COURIER SERVICE, INC.
## v. DINKINS.
### (436 SE2d 719)

COOPER, Judge.

Pursuant to OCGA § 9-2-61, appellee-plaintiff Dinkins brought this renewal action, seeking to recover from appellant-defendant for injuries allegedly sustained in an automobile collision. Cross-motions for summary judgment were argued before the court on the applicability of the statute of limitation. Appellant appeals from the order of the trial court granting appellee's motion for summary judgment and denying appellant's motion.

The following facts were stipulated: The automobile collision occurred on November 20, 1986. On November 18, 1988, a tort action was filed in the State Court of Fulton County. Service of process was attempted but not accomplished on November 22, 1988. The Fulton County marshal notified appellee's former counsel that appellant was not to be found in Fulton County. Counsel for the parties agreed to a consent order transferring the case to DeKalb County where venue was proper, and an order of transfer was entered on November 14, 1990. Appellant did not waive any objections to service. The case was docketed in DeKalb County on January 14, 1991. However, appellant was not served with the summons and complaint until February 21, 1992, 13 months later. In response to appellant's motion for summary judgment based upon the running of the statute of limitation, this DeKalb action was voluntarily dismissed without prejudice on June 23, 1992. The instant renewal action was filed on July 30, 1992 and appellant was served the next day.

"Actions for injuries to the person shall be brought within two years after the right of action accrues. . . ." OCGA § 9-3-33. "Where service [of process] is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made *as quickly as possible*." (Emphasis supplied.) (Citations and punctuation omitted.) *Freemon v. Dubroca*, 177 Ga. App. 745 (2) (341 SE2d 276) (1986). The plaintiff's diligence in serving a defendant with the summons and complaint must be measured from the time that the statute of limitation would have run and where, as here, a prior complaint was subject to dismissal for failure to timely serve the defendant, the plaintiff's voluntary dismissal of that voidable action followed by timely service of the renewed complaint as allowed by OCGA § 9-2-61 is not determinative of the merits of a subsequently filed motion predicated upon the expiration of the statute of limitation and the alleged lack of due diligence. *Hobbs v. Arthur*, 209 Ga. App. 855 (2) (434 SE2d 748) (1993) (overruling *Collier v. Marsh*, 203 Ga. App. 322,

333 (2) (416 SE2d 849) (1992) and *Jones v. Cropps*, 197 Ga. App. 313, 314 (2) (398 SE2d 295) (1990)). We are mindful that *Hobbs v. Arthur*, supra, was not decided until after the trial court's rulings in the instant action. Nevertheless, " a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that [may have been] correct at the time it was rendered, . . . where the law has been changed in the meantime and where such application of the new law will impair no vested right. . . ." *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (3) (28 SE2d 759) (1944). These cross-motions were decided under an erroneous theory of the applicable law. A judgment based upon an erroneous theory of law must be reversed. *Meyers v. Glover*, 152 Ga. App. 679, 683 (3) (263 SE2d 539) (1979). The order of the trial court granting appellee's motion for summary judgment and denying appellant's motion is reversed. The case is remanded with direction that the trial court reconsider appellant's motion in light of the authority of *Hobbs v. Arthur*, supra.

*Judgment reversed and case remanded with direction. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 5, 1993 —
RECONSIDERATION DENIED OCTOBER 27, 1993 ▮▮▮▮▮▮▮▮

*Dremer & Black, Richard W. Brown*, for appellant.
*Simmons & Toliver, Joseph H. King, Jr.*, for appellee.