A94A1889. URREA et al. v. FLYTHE.
(450 SE2d 266)

BIRDSONG, Presiding Judge.

Appellants/plaintiffs filed a renewal suit under the provisions of OCGA § 9-2-61, after their original suit was dismissed. The original invasion of privacy suit was filed and process served upon an employee at the defendant's residence before expiration of the statute of limitation. Defendant also was personally served with process approximately three-and-one-half months after expiration of the statute of limitation. The record does not reveal the basis upon which the origi-

nal suit was dismissed.

The trial court granted appellee/defendant's motion to dismiss the renewal suit, concluding that "a renewal suit . . . filed under OCGA § 9-2-61 is not timely unless the original lawsuit was filed and served in a timely manner. *Hobbs v. Arthur*, 209 Ga. App. 855 (434 SE2d 748) (1993); *Osborne v. Hughes*, 200 Ga. App. 558 (409 SE2d 58) (1991)." *Held*:

*Osborne*, supra, is inapposite and is not controlling. *Hobbs v. Arthur*, 209 Ga. App. 855, supra, and *Dependable Courier Svc. v. Dinkins,* 210 Ga. App. 665 (436 SE2d 719) were reversed in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322); in reversing these cases the Supreme Court held, "as diligence in perfecting service of process in an action *properly refiled* under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." (Emphasis supplied; footnote omitted.) Id. at 360-361.

Although OCGA § 9-2-61 " ' "applies to involuntary as well as voluntary dismissals, where the merits are not adjudicated," ' " (*Swartzel v. Garner*, 193 Ga. App. 267, 268 (387 SE2d 359); see also *Central Mut. Ins. Co. v. Wofford*, 145 Ga. App. 836 (1) (244 SE2d 899), aff'd in part and rev'd in part, *Wofford v. Central Mut. Ins. Co.*, 242 Ga. 338 (249 SE2d 21)), it is a jurisdictional prerequisite to a renewal suit that costs in the first action be paid before the second action is initiated (*Shaw v. Lee*, 187 Ga. App. 689, 690 (371 SE2d 187); OCGA § 9-11-41 (d)). We cannot conclusively determine from the state of this record whether such costs were paid before the renewal suit was commenced. Accordingly, this case will be remanded to the trial court to determine whether appellant has met the necessary jurisdictional prerequisites for filing a renewal suit. Thereafter, the trial court shall dispose of the motion to dismiss in a manner that is not inconsistent with the holding of the Supreme Court in *Hobbs v. Arthur*, 264 Ga. 359, supra.

*Judgment reversed and remanded. Blackburn and Ruffin, JJ., concur.*

DECIDED OCTOBER 31, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994.

*Adam R. Gaslowitz, Robert C. Port,* for appellants.
*Hull, Towill, Norman & Barrett, David E. Hudson,* for appellee.