A96A2493. McCLENDON v. 1152 SPRING STREET ASSOCIATES-GEORGIA, LTD. III.
(484 SE2d 40)

ANDREWS, Chief Judge.

Elaine McClendon timely filed a personal injury action against 1152 Spring Street Associates-Georgia, Ltd. III, a Georgia limited partnership, voluntarily dismissed the action pursuant to OCGA § 9-11-41 (a), then refiled the action after the expiration of the applicable statute of limitation pursuant to the renewal provisions of OCGA § 9-2-61 (a). The trial court granted summary judgment in favor of the limited partnership on the basis that McClendon failed to properly perfect service of the renewal action. McClendon appeals claiming the trial court erred by granting summary judgment and in denying her motion for reconsideration.

The limited partnership moved for summary judgment in the renewal action on the basis that the prior suit was void and incapable of being renewed under OCGA § 9-2-61 (a) because it had never been served in the prior suit. *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). The record, however, contains evidence that the limited partnership was served in the prior action. The trial court entered an order denying summary judgment on the grounds asserted but granting summary judgment, sua sponte, to the limited partnership on the basis that the prior action could not be renewed after the expiration of the statute of limitation because there was nothing in the record indicating that McClendon paid court costs in the prior action as required by OCGA §§ 9-11-41 (d) and 9-2-61 (a). McClendon moved for reconsideration pointing out that there were no court costs owed in the prior action. The trial court denied the motion for reconsideration without explanation. About a week later, the trial court entered an amended order concluding that there were no court costs owed by McClendon in the prior action and vacating the previous grant of summary judgment for failure to pay court costs. In the same order, the trial court, sua sponte, granted summary judgment to the limited partnership on the following basis: "Defendant 1152 Spring Street Associates-Georgia Ltd. III is still entitled to judgment as a matter of law based on the Plaintiff's failure to properly serve them with a

copy of the complaint as required under OCGA § 9-11-4 (d). Plaintiff instead served the Secretary of State pursuant to OCGA § 14-2-62. However, that code section authorizes service on a corporation to be perfected through the Secretary of State only when a corporation fails to appoint or maintain a registered agent or the agent cannot with reasonable diligence be found at the registered office. The record reflects that the Defendant did maintain a registered office and a registered agent for service of process and there is nothing in the record to indicate that Plaintiff could not with reasonable diligence find said agent. . . . Based on Plaintiff's failure to comply with the procedural prerequisites for a renewal action, specifically, insufficiency of service of process, the Defendant's motion for summary judgment is hereby granted."[1] McClendon again moved for reconsideration and submitted evidence showing the unsuccessful efforts her process servers had made to serve the limited partnership's registered agent. The trial court denied the motion for reconsideration without explanation.

As a preliminary matter, we note that the trial court granted summary judgment on a ground not asserted by the limited partnership in its motion for summary judgment. Accordingly, McClendon had no notice and no burden in response to the summary judgment motion to produce evidence on an issue not raised in the motion. *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (458 SE2d 876) (1995). Although a trial court may, sua sponte, grant summary judgment on an issue not raised by the parties, in so doing the trial court " 'must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.' " (Citations omitted.) Id. at 690 (1). The record does not reflect that any steps were taken by the trial court to give McClendon proper notice and an opportunity to respond prior to the entry of summary judgment on the issue of whether she properly perfected service in the renewal action. But "since [McClendon] does not enumerate this as error on appeal, nor claim she was denied such notice and opportunity in the trial court, this issue has been waived." *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775, 776 (1) (437 SE2d 641) (1993). Moreover, the issue of whether McClendon was diligent in attempting to find and serve the registered agent before resorting to substitute service on the Secretary of State was

---

[1] The trial court erred by applying the provisions of former OCGA § 14-2-62 applicable to service on the registered agent of a corporation and substitute service on a corporation through the Secretary of State. See OCGA § 14-2-504. Clearly, this case involves the service provisions of OCGA § 14-9-104 applicable to service on the limited partnership's registered agent and substitute service on the partnership through the Secretary of State. Nevertheless, since the service issues addressed by the trial court are similar under either statute, we analyze the court's ruling under the applicable provisions of OCGA § 14-9-104.

addressed by the parties on McClendon's motion for reconsideration, and the trial court denied the motion after considering the evidence produced by McClendon. Compare *Smith v. Johnson*, 209 Ga. App. 305, 306 (433 SE2d 404) (1993).

The trial court granted summary judgment on the basis that McClendon did not perfect personal service on the limited partnership's registered agent and that substitute service of process on the Secretary of State was insufficient. The trial court's ruling is based on two conclusions. The first, explicitly stated, is that substitute service was unauthorized because McClendon did not demonstrate that reasonable diligence was exercised in attempting to find and personally serve the registered agent before resorting to substitute service. The second, implicit in the grant of summary judgment for insufficient service, is that any attempt by McClendon to perfect personal service at this point would fail because she would be guilty of laches. *Walker v. Ga. Farm Bureau &c. Ins. Co.*, 207 Ga. App. 874, 875 (429 SE2d 289) (1993). Since the latter conclusion is based on the first, we need address only the trial court's finding that substitute service on the Secretary of State was unauthorized.

In response to the grant of summary judgment, McClendon moved for reconsideration and produced evidence that, after the renewal action was filed on June 27, 1995, four attempts were made to personally serve the registered agent at the registered office of the limited partnership.[2] The four attempts were made on July 7, 8, 12, and 15, 1995 at 11:05 a.m., 9:36 a.m., 6:15 p.m., and 10:30 a.m., respectively, and on each occasion the registered agent could not be located at the office. On the fourth attempt, the process server spoke to the registered agent's wife and obtained a telephone number to contact the registered agent. The process server called the number and left a recorded message attempting to contact the agent, but the agent never returned the call. After these attempts to locate and personally serve the limited partnership's registered agent, McClendon resorted to substitute service on the limited partnership by serving the Secretary of State on July 25, 1995, pursuant to the provisions of OCGA § 14-9-104 (h).[3] *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 480 (428 SE2d 381) (1993).

Under OCGA § 14-9-104 (a) (1) and (2) and (b): "(a) Each limited partnership shall continuously maintain in this state: (1) A regis-

---

[2] The record shows that the attempts to personally serve the registered agent were made by private process servers. Although the record does not show that the process servers were appointed by the trial court pursuant to OCGA § 9-11-4 (c), McClendon states in her appellate brief that they were properly appointed, and the limited partnership does not contend otherwise.

[3] The limited partnership concedes that it is subject to the service provisions of OCGA § 14-9-104 contained in the Revised Uniform Limited Partnership Act.

tered office which may, but need not, be a place of its business in this state; and (2) A registered agent for service of process on the limited partnership. The address of the business office of the registered agent shall be the same as the address of the registered office referred to in paragraph (1) of this subsection. (b) An agent for service of process must be an individual resident of this state, a domestic corporation, or a foreign corporation authorized to do business in this state." In the absence of any specific provision to the contrary, we conclude that the legislature intended that service of process on the registered agent be made under the applicable personal service provisions of OCGA § 9-11-4 (d). Under OCGA § 14-9-104 (h), "[w]henever a limited partnership shall fail to appoint or maintain a registered agent in this state, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such limited partnership upon whom any process, notice, or demand may be served." It is undisputed that the limited partnership appointed an individual registered agent for service at its registered office. Accordingly, the issue is whether, prior to serving the Secretary of State under § 14-9-104 (h), McClendon's process servers made a reasonably diligent effort to serve the registered agent at the registered office of the limited partnership. See *Bricks v. Walker Showcase*, 255 Ga. 122, 124 (336 SE2d 37) (1985) (addressing similar service requirements under former OCGA § 14-2-61).

A renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. *Atkinson v. Holt*, 213 Ga. App. 427 (444 SE2d 838) (1994). "[D]iligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit. . . ." *Hobbs*, supra at 360. Since service of the renewal action in this case was not perfected within the six-month renewal period, McClendon would have the burden of showing that she acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible. *Jones v. Cropps*, 197 Ga. App. 313, 314 (398 SE2d 295) (1990), overruled, *Hobbs* v. *Arthur*, 209 Ga. App. 855, 858 (2) (434 SE2d 748) (1993), reinstated, 264 Ga. 359, 361, n. 3, supra; compare *Collier v. Marsh*, 203 Ga. App. 322, 323 (416 SE2d 849) (1992), overruled, 209 Ga. App. 855, 858 (2), supra, reinstated, 264 Ga. 359, 361, n. 3, supra. However, in concluding that substitute service was unauthorized, the trial court did not find that McClendon failed to ensure that service was made as quickly as possible, but found that McClendon's process server did not do enough in attempting to find the registered agent before resorting to substitute service.

The record shows that on four separate days within a nine-day

period at various hours McClendon's process server personally went to the limited partnership's registered office attempting to find the registered agent at that location. Unable to find him there after four attempts, on the last personal attempt, the process server obtained a telephone number for the registered agent from the agent's wife and left a recorded message for the agent. The agent did not return the call, and McClendon thereafter resorted to substitute service on the Secretary of State pursuant to OCGA § 14-9-104 (h). Determinations as to whether reasonable diligence was exercised in matters related to service of process are within the discretion of the trial court and will not be disturbed on appeal absent abuse. See *Freemon v. Dubroca*, 177 Ga. App. 745 (341 SE2d 276) (1986). Because the record clearly shows that the registered agent could not with reasonable diligence be found at the registered office, we conclude the trial court abused its discretion in finding that substitute service under OCGA § 14-9-104 (h) was unauthorized.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 10, 1997.

*Eric D. Miller*, for appellant.
*Drew, Eckl & Farnham, Maureen M. Middleton, Theodore Freeman*, for appellee.