A97A2303. BLACK v. KNIGHT.
(499 SE2d 69)

BIRDSONG, Presiding Judge.

On November 2, 1994, appellee Samuel D. Knight, Sr. filed a suit for damages based on an automobile accident which occurred November 4, 1992. The statute of limitation on the claim thus expired on November 4, 1994, two days after that lawsuit was filed. However, the defendant, Barbara A. Black, was not served with a copy of that lawsuit until August 24, 1995, more than nine months after the statute of limitation had expired on the claim. Black filed a motion to dismiss or, in the alternative, for summary judgment based on lack of due diligence in service of process. The trial court granted that motion, finding that Knight had failed to exercise due diligence in service of process, and in January 1996 entered an order dismissing Black's complaint *with prejudice*.

Within six months of that dismissal with prejudice, Knight filed another complaint against Barbara Black, asserting the same claim, and asserting that the action was filed within six months of dismissal of his original action pursuant to OCGA § 9-2-61, which is commonly known as the "renewal" statute. This second complaint was timely served. Appellant filed a motion to dismiss or for summary judgment, asserting that this was not a suit which could properly be re-filed. The trial court denied her motion, under authority of *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) and *Urrea v. Flythe*, 215 Ga. App. 212 (450 SE2d 266).

Barbara Black appeals. *Held*:

The first action in this case could not be renewed under OCGA § 9-2-61 (a) because the trial court had dismissed it *with prejudice*, in effect declaring the suit void. Accordingly, it was not subject to renewal; this conclusion is consistent with remarks made in the Supreme Court's *Hobbs v. Arthur*, supra. The record shows that although plaintiff Knight filed his first action two days before the statute of limitation expired, he did not serve that first action on the defendant until *293 days after the statute of limitation had expired*. Regardless whether the trial court expressly stated that Knight's lack of due diligence in serving the suit was the reason it dismissed

his suit with prejudice, the fact is that the suit was *dismissed with prejudice* and with good reason. That suit was therefore void and could not be "renewed" under OCGA § 9-2-61 (a). This conclusion is not inconsistent with anything held by the Supreme Court in *Hobbs*, for that court finally said that in an action *"properly refiled* under OCGA § 9-2-61 (a), . . . any delay in service in a valid first action is not available as an affirmative defense in the renewal action." Id. at 360-361.

Knight argues that Black's motion to dismiss the first suit was based on Knight's "procedural" failure to obtain timely service and establish personal jurisdiction, and that Black's motion "was not based upon any defect in the 'merits' of Knight's case." He contends that because the dismissal with prejudice did not "adjudicate the merits of the first suit," and because there was no express finding of lack of due diligence in service of process, Knight was entitled to re-file his complaint.

These arguments are off-point. The trial court's dismissal with prejudice obviously constituted a ruling that the first action was void, and the plain reason was that the plaintiff had not served the action until 293 days after the expiration of the statute of limitation.

No ruling "on the merits" was required to dismiss the suit with prejudice for failure to perfect service for 293 days after the statute of limitation had expired. It is well settled in Georgia law that in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action *with proper service on the defendant. Brooks v. Young*, 220 Ga. App. 47 (467 SE2d 230); *Finch v. Weaver*, 213 Ga. App. 514, 515 (1) (445 SE2d 289). The first action in this case was clearly not a valid action, as there was no proper service on the defendant.

The trial court evidently based its ruling on a statement in *Hobbs v. Arthur*, supra at 360-361, that in an action refiled under OCGA § 9-2-61 (a), "any delay in service in a *valid* first action is not available as an affirmative defense in the renewal action." (Emphasis supplied.) *Urrea v. Flythe*, supra. This reliance was misplaced. The plaintiff in *Hobbs* filed his first complaint two days before the statute of limitation expired and perfected service two months later; he then *voluntarily dismissed* his first suit and refiled the suit within six months. See *Hobbs v. Arthur*, 209 Ga. App. 855 (434 SE2d 748). We held that because of Hobbs' lack of due diligence in serving his first action, the statute of limitation was not tolled by the late service and the renewed action was thus barred by the expiration of the statute of limitation. Id. at 857. We said that to hold that diligence of service is measured only from the institution of a renewed suit "allows the dilatory plaintiff to escape his or her lack of diligence in timely perfecting service and compels the defendant to face a claim which

would be stale but for the narrow grace of the renewal statute . . . [which was not intended] to allow a party guilty of laches to avoid the consequences by simply dismissing the suit and refiling it whenever a defendant raises the issue [of lack of due diligence in serving the first action]. Such would obliterate the requirement of due diligence and would allow lawsuits to be filed just within the statute of limitation and then suffer inexcusable delay in notifying defendant by timely service, without adverse consequences to the guilty party." Id.

However, the Supreme Court apparently concluded that if the first-filed suit is *voluntarily dismissed* after the statute of limitation has expired, no amount of delay in service of that first suit after the expiration of the statute of limitation, and no lack of due diligence of the plaintiff in serving his first suit, will bar the suit from being "renewed" under OCGA § 9-2-61 (a). This ruling, however, cannot be applied to this case because the Supreme Court also acknowledged: "*A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. . . . [U]nless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.*" (Emphasis supplied.) Id. at 360. Furthermore, the Supreme Court ultimately held that "inasmuch as diligence in perfecting service of process in an action *properly refiled* under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." Id. at 360-361. According to this statement, the reasoning that diligence in perfecting service must be measured from the filing of the renewed suit, applies only to suits which are "*properly refiled.*" Id.

The trial court dismissed the first action in this case *with prejudice*, thus declaring it *void* and actually declaring that it could not be refiled. Therefore a second action could not be "properly refiled" (*Hobbs*, supra at 360-361) under the renewal statute. *Brooks*, supra; *Finch*, supra.

The trial court erred in denying appellant Black's motion to dismiss or for summary judgment.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED JANUARY 13, 1998 —
RECONSIDERATION DENIED APRIL 1, 1998

*Arrington & Hollowell, Gary W. Diamond, Joni C. Hamilton*, for appellant.

*Scott E. Tinnon*, for appellee.