## A00A1221. DAVIS v. BUSHNELL.
### (537 SE2d 477)

MIKELL, Judge.

The trial court dismissed Rufus Davis, Jr.'s personal injury action due to his failure to serve the defendant, Angela Marie Bushnell. Davis appeals, and we affirm.

Davis first sued Bushnell on April 16, 1997, little more than a year after their April 6, 1996 automobile collision. Bushnell was served the day after suit was filed. The two-year statute of limitation expired on April 5, 1998.[1] On February 19, 1999, the complaint was dismissed without prejudice, and, on April 19, 1999, it was refiled pursuant to the renewal provisions of OCGA § 9-2-61 (a).

On April 20, 1999, a sheriff's deputy made a non est return of service, stating "subject has moved, no longer lives in Houston County." Davis contacted the United States Postal Service on June 7, 1999, to obtain a new address for Bushnell but was notified that she still resided at the same address. However, a second attempt at service there failed on June 29. On that occasion, the return of service noted that Bushnell had moved from the state. No further effort to locate Bushnell was made until July 28, when Davis again contacted the Postal Service. This effort too proved fruitless.

The six-month period for "recommencing" the action under the renewal statute expired on August 18. Service of process in the renewed action clearly would have been proper any time on or before that date.[2] On August 31, Bushnell filed a special plea, appearance and answer raising as defenses insufficiency of service of process and expiration of the statute of limitation, among others. A few days later, Bushnell filed a motion to dismiss, alleging that Davis's claims were barred by the statute of limitation and laches. On September 13, Davis hired a private investigator, who was appointed as a special process server. In an affidavit submitted on September 22, the investigator detailed his ongoing, albeit unsuccessful, attempts to locate Bushnell. She has never been served. The trial court dismissed the complaint on November 2, 1999.

Davis contends the trial court erred in finding that he did not exercise "the greatest possible diligence" in serving Bushnell. However, the trial court's order fails to reflect such a finding. Rather, the order recites that the complaint is dismissed "due to plaintiff's unjustified delay in failing to serve defendant with service and process, as

[1] See OCGA § 9-3-33; *Peterson v. Ga. R. & Banking Co.*, 97 Ga. 798 (25 SE 370) (1896).

[2] See generally *Collier v. Marsh*, 203 Ga. App. 322, 323 (2) (416 SE2d 849) (1992), overruled by *Hobbs v. Arthur*, 209 Ga. App. 855 (434 SE2d 748) (1993), reaff'd by *Hobbs v. Arthur*, 264 Ga. 359, 361 (444 SE2d 322) (1994); see also *Jones v. Cropps*, 197 Ga. App. 313 (398 SE2d 295) (1990).

over five (5) months have passed since plaintiff filed suit and defendant has yet to be served. . . ."

> A renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. Diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit. Since service of the renewal action in this case was not perfected within the six-month renewal period, [Davis] would have the burden of showing that [he] acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.[3]

Bushnell argues that upon receipt of the first non est return of service on April 20, Davis became "obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service."[4]

> [I]n *Wade*,[5] Presiding Judge Pope, in a special concurrence, discussed the origin and inconsistent use of the "greatest possible diligence" standard regarding service attempts. We agree with Judge Pope that the standard of "greatest possible diligence" in the context of assessing a plaintiff's attempts at service should apply only in cases in which the statute of limitation has expired and the defendant has made an appearance in court raising a service defense.[6]

However, in the case sub judice, we need not decide whether the standard of "greatest possible diligence" became applicable upon the filing of responsive pleadings which raised the defense or upon expiration of the six months allowed for renewing the action, because Davis's delays in attempting to locate Bushnell failed to satisfy any standard of diligence. As noted earlier, service has never been perfected. Davis delayed 48 days after April 20 before attempting to secure information from the Postal Service. Another three weeks elapsed before Davis directed the sheriff's office to make a second

---

[3] (Citations and punctuation omitted.) *McClendon v. 1152 Spring St. Assoc.-Ga., Ltd. III*, 225 Ga. App. 333, 336 (484 SE2d 40) (1997).

[4] *Mitchell v. Hamilton*, 228 Ga. App. 850, 851 (1) (493 SE2d 41) (1997); *Wade v. Whalen*, 232 Ga. App. 765, 766 (1) (504 SE2d 456) (1998) (physical precedent only).

[5] Id. at 770-773.

[6] *Parker v. Shreve*, 244 Ga. App. 350, 352 (535 SE2d 332) (2000) (physical precedent only).

attempt to serve Bushnell. Then nearly a month elapsed until Davis simply contacted the Postal Service again. Davis delayed yet another 46 days before hiring a private investigator. Davis has offered no explanation for the delays in attempting to locate and serve Bushnell.[7] Whether these delays show that Davis was guilty of laches in failing to exercise diligence in perfecting service was a matter within the trial court's discretion.[8]

> Considering the factual posture of the record, we cannot say the trial court would abuse its discretion by holding appellant failed to exercise due diligence in attempting to perfect timely personal service on appellee. . . . Granted, the trial court did not explicitly base its decision upon the failure of plaintiff to act in a reasonable and diligent manner, but . . . the court did not expressly show that it was not considering those essential factors. Accordingly, . . . this case need not be remanded. It is affirmed on the principle that in the absence of a contrary showing, the trial court will be presumed to have followed the law.[9]

Although the trial court did not specify that its dismissal of the complaint was based on Davis's failure to exercise due diligence, its finding of "unjustified delay" amounts to the same thing. A judgment right for any reason must be affirmed.[10]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JULY 17, 2000.

*Diane M. Zimmerman*, for appellant.
*Martin, Snow, Grant & Napier, Lisa M. Edwards, Jay C. Traynham*, for appellee.

---

[7] See *Mitchell v. Hamilton*, supra, 228 Ga. App. at 851 (1) (plaintiff failed to explain the month-long gaps between her attempts at service).
[8] *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997).
[9] (Citations and punctuation omitted.) *Bailey v. Hall*, 199 Ga. App. 602, 605-606 (2) (405 SE2d 579) (1991).
[10] Id.