**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 30, 2014**

# In the Court of Appeals of Georgia

A14A0186.  COST  MANAGEMENT  GROUP,  INC.,  et  al.  v.
BOMMER.

RAY, Judge.

This case, like its predecessor, *Cost Management Group, Inc., v. Bommer*, __
Ga. App. __ (Case No. A13A1972, decided March 26, 2014) (hereinafter *CMG I*),
involves competing lawsuits between former business associates over disputes that
include contract issues and restrictive covenants. The first suit was litigated in federal
court.[1] The other suit remains pending in the Superior Court of Fulton County. In the
federal suit, Daniel Bommer sued his former business partners, Steven Gareleck and
George Remington Reynolds, in their individual capacities. In the superior court

---

[1] *Bommer v. Reynolds*, 465 Fed. Appx. 876 (11th Cir. 2012).

action, companies controlled by Gareleck and Reynolds – Cost Management Group, Inc., Partnertel, Inc., and Telcentrex, LLC (collectively "CMG") – sued Bommer.

The latest iteration of this case is before us on appeal from the superior court's sua sponte grant of summary judgment to Bommer. CMG argues in three enumerations that the trial court erred in finding that its amended claims in the superior court suit were barred as unasserted compulsory counterclaims in the prior federal action. For the reasons that follow, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Footnote omitted.) *Coffee Iron Works v. QORE, Inc.*, 322 Ga. App. 137, 137 (744 SE2d 114) (2013). See generally *McClendon v. 1152 Spring St. Assocs.-Ga., Ltd. III*, 225 Ga. App. 333, 334 (484 SE2d 40) (1997) (a trial court may sua sponte grant summary judgment on issues not raised by parties).

The facts as outlined in our earlier opinion also apply to the instant case, and we adopt them here as necessary. See *CMG I*. In *CMG I*, we reversed the trial court's grant of partial summary judgment to Bommer and determined that CMG was not

2

collaterally estopped by the federal action from pursuing, in the superior court action, claims relating to Bommer's operation of a company called Enhanced Business Services (EBS). Id. at (1). We also determined that the claims asserted in superior court that related to EBS were not compulsory counterclaims in the federal action. Id. at (2).

However, in that grant of partial summary judgment to Bommer, the trial court also ordered CMG to file a brief addressing why "this entire case should not be dismissed with prejudice." Following the parties' submission of briefs, the trial court entered a final order granting summary judgment to Bommer on CMG's remaining claims that were unrelated to Bommer's operation of EBS, including, inter alia, claims for breach of fiduciary duty, fraud, and breach of restrictive covenants. CMG appeals that ruling in the instant action.

1. CMG argues that the trial court erred in finding that its claims that are unrelated to Bommer's operation of EBS are barred in the superior court action as unasserted compulsory counterclaims. Specifically, CMG contends that its claims are not barred because, as a nonparty to the federal action, it does not qualify as a

"pleader" under federal law for purposes of establishing a compulsory counterclaim. We agree.[2]

As we noted in *CMG I*, the federal court in the earlier action in which Bommer sued Gareleck and Reynolds exercised diversity jurisdiction. See *Bommer*, supra. A federal court sitting in diversity must apply state substantive law and federal procedural law. *Esfeld v. Costa Crociere, S. P. A.*, 289 F.3d 1300, 1306 (II) (A) (11th Cir. 2002). A state court's determination of whether an issue is substantive or procedural, for choice-of-law purposes, is binding on a federal court. *Shaps v. Provident Life & Accident Ins. Co.*, 244 F.3d 876, 883 (II) (11th Cir. 2001). This Court has determined that "OCGA § 9-11-13 (a), which governs compulsory counterclaims in Georgia, sets forth the method for bringing such claim[s] and is thus procedural in nature." *Harper v. Harper*, 267 Ga. App. 553, 555 (1) (600 SE2d 659)

---

[2] As part of its argument in this enumeration, CMG also contends that the trial court erred in confusing the collateral estoppel standard regarding parties and their privies with the standard that applies to pleaders under Fed. R. Civ. P. 13 (a). Bommer argues that CMG's enumeration must fail because CMG did not raise this issue below. However, both CMG's enumeration and the trial court's ruling are broader than this one issue. We note that Bommer himself raised the issue of privity in his responsive brief, below. Further, CMG could not have predicted the trial court's precise rationale on this issue until after its summary judgment ruling. See generally *Sherman v. Dickey*, 322 Ga. App. 228, 233 (2), n. 20 (744 SE2d 408) (2013).

(2004). As a result, in determining whether the claims at issue here were compulsory counterclaims, we must look to federal procedural law.

Fed. R. Civ. P. 13 (a) (1) provides as to compulsory counterclaims that

[a] pleading must state as a counterclaim any claim that – at the time of its service – *the pleader has against an opposing party* if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the *opposing party's claim*; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

(Emphasis supplied.)

It is undisputed that CMG was not a party to the federal action. See generally *CMG I*, supra at (2). Further, the trial court's opinion acknowledged this in its discussion of *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378 (11th Cir. 1991). In *Montgomery Ward*, the Eleventh Circuit determined that

a potential defendant who was not joined in the prior action . . . does not qualify as a pleader for purposes of the compulsory counterclaim bar. We do not find that appellant . . . who . . . was not joined as a defendant in the [initial] suit, can be barred for the very reason that [plaintiff-appellee] did not join him. Since [appellant] did not join in any pleading and had no obligation to join the [initial] suit, he cannot be barred now by a failure to have done so.

5

Id. at 1383 (B). The trial court wrote that although CMG "correctly cite[s] *Montgomery*, that case is distinguishable from the case at bar" because the nonparty in *Montgomery* "had no apparent connection to, or authority to act for, the company who had been the original defendant. . . . Here, unlike in *Montgomery*, Gareleck and Reynolds have a very direct connection with, and authority to act on behalf of [CMG] . . . as 95% shareholders, directors, and officers of CMG."[3] The trial court cites no law supporting its determination that, as a nonparty to the federal suit, CMG qualified as a "pleader" under Fed. R. Civ. P. 13 (a) on the basis that the actual parties – Gareleck and Reynolds – had a "direct connection" with and "authority to act" on behalf of CMG. We find no law from this jurisdiction indicating that either a "direct connection" with or "authority to act" on behalf of a party turns a nonparty into a pleader under Fed. R. Civ. P. 13 (a).[4] Nor did CMG have any obligation to intervene

[3] Despite the parties' arguments in their appellate briefs, the trial court neither mentions nor overtly analyzes privity in this order. The trial court determined in the prior partial summary judgment order that was the basis for *CMG I* that CMG and Gareleck and Reynolds were in privity "for purposes of collateral estoppel[,]" but the court did not address the issue of privity in the compulsory counterclaim analysis section of that order.

[4] Although foreign jurisdictions have in certain instances found that entities in privity with parties to the litigation could be treated as pleaders for purposes of Fed. R. Civ. P. 13 (a), this is merely persuasive authority and, pretermitting other relevant distinctions, we decline to follow that persuasive authority here. See, e. g.,

6

in the federal suit. See *Mann v. City of Albany, Ga.*, 883 F.2d 999, 1005 (III), n. 2 (11th Cir. 1989); *Barham v. City of Atlanta*, 292 Ga. 375, 377 (1) (b) (738 SE2d 52) (2013). As a result, we find *Montgomery Ward*, where our Eleventh Circuit determined that a successor-in-interest pendente lite who was not a party to the prior suit did not qualify as a pleader for purposes of the compulsory counterclaim bar, to be controlling in the instant action.[5] *Montgomery Ward*, supra at 1383 (B).

2. As a result of our determination in Division 1, we need not reach CMG's remaining enumerations of error.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*

---

*Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 386, 391-393 (II), (III) (3d Cir. 2002); *Fox v. Maulding*, 112 F.3d 453, 459 (2) (10th Cir. 1997).

[5] We note that Fed. R. Civ. P. 13 (a) is nearly identical in substance to OCGA § 9-11-13 (a). See generally *Earthlink, Inc. v. Eaves*, 293 Ga. App. 75, 78 (3) (666 SE2d 420) (2008) ("counterclaims [are] compulsory only for opposing parties") (footnote omitted).